FILED
Scott County

JAN 1 2 2015

Barbara Whiteley
County and Circuit Clerk

IN THE CIRCUIT COURT OF SCOTT COUNTY, ARKANSAS
CIVIL DIVISION

**FIRST GOVERNMENT LEASE COMPANY**                                **PLAINTIFF**

Vs.                    CASE NO. 64-CV-12-128 Div. II

**NORTHWEST SCOTT COUNTY VOLUNTEER**                              **DEFENDANT**
**FIRE DEPARTMENT**

VS.

**PAUL GRAVER individually and as**
**FIRST GOVERNMENT LEASE COMPANY**         **THIRD PARTY DEFENDANT**

## COUNTERCLAIM AGAINST, PLAINTIFF, FIRST GOVERNMENT LEASE COMPANY AND COMPLAINT AGAINST PAUL GRAVER

Comes now the Defendant, Northwest Scott County Volunteer Fire Department, by and through its attorneys, Walters, Gaston, Allison & Parker, and for its Counterclaim against Plaintiff, First Government Lease Company, and Complaint against Third Party Defendant Paul Graver, individually and as First Government Lease Company, does state and allege as follows:

### JURISDICITON AND VENUE

1.  The Defendant is an Arkansas entity existing and operating under the laws of the State of Arkansas. The Plaintiff herein has caused a Complaint for Replevin to be filed against the Defendant in the above referenced case. Third Party Defendant, Paul Graver, is an individual who is either doing business as First Government Lease

1

Company, the original Plaintiff in this action, or First Government Lease Company is a de facto corporation controlled by Mr. Graver or is a corporation with assets so intermingled with Mr. Graver that he is liable for First Government Lease Company's conduct. Upon information and belief the Plaintiff is either a de facto corporation or Paul Graver is doing business as First Government Lease Company. This Court has jurisdiction over the parties and subject matter herein. Venue is proper.

## FACTS COMMON TO ALL CAUSES OF ACTION

2. On or about July of 2011, the Plaintiff and the Third Party Defendant (hereafter collectively sometimes referred to as "Counter-Defendants") fraudulently induced the Defendant to enter into a Lease Purchase Agreement (the "Agreement")

3. Pursuant to The Agreement Counter-Defendants extended $90,000 to Northwest Scott to pay towards the purchase of a fire truck and drafted documents which presented the loan as a lease and purchase agreement. Counter-Defendants included a term in the agreement which required the payment of $76,500 in "interest and APR" over the ten year life of the loan.

4. Northwest Scott paid approximately $173,000 of public money towards the same truck. Counter-Defendants required the collateralization of seven other fire vehicles in order to extend the $90,000.

5. Northwest Scott could not meet the onerous burden of this unconscionable agreement and defaulted on the payment terms of The Agreement.

6. Following the default referenced in paragraph 5 Counter-Defendants took possession of and sold one vehicle for $180,000.00, according to information provided by the Counter-Defendants. Counter-Defendants then took possession of a subsequent

vehicle, the 2011 Ford Brush Truck, and sold that vehicle for $89,000.00. Counter-Defendants have collected $179,000 over and above the amount originally extended of $90,000. This amount is $102,500 over and above the principal plus the entire amount of interest allegedly due to First Government over the ten year life of the loan.

## COUNT 1 - FRAUD

7.  The Defendant hereby incorporates paragraph 1-6 above as if set forth fully herein word for word.

8.  The Counter-Defendants made false statements about the character of the loan extended to the Defendants, have broken into and damaged the property of Defendants, have misled Defendants regarding the nature of The Agreement, have persuaded Defendants to execute an agreement to pay sums which Counter-Defendants knew could not be paid, have intentionally misrepresented the formality of the business known as First Government Lease Company and misled the Defendant as to what property would be foreclosed upon and sold in the event of a default. These statements were made with the intent to cause the Defendant to rely upon such statement. The Defendant reasonably relied upon these representations when entering into The Agreement. The Defendant has been damaged by the Counter-Defendant's actions in that the Counter-Defendants have taken possession over property belonging to the Defendant herein and the Defendant has overpaid interest.

## COUNT 2 - CLAIM FOR DAMAGES
## BASED UPON DECEPTIVE TRADE PRACTICES

9.  The Defendant hereby incorporates paragraph 1-8 above as if set forth fully herein word for word.

10. The Counter-Defendants made false statements about the character of the loan extended to the Defendants, have broken into and damaged the property of Defendants, have misled Defendants regarding the nature of The Agreement, have persuaded Defendants to execute an agreement to pay sums which Counter-Defendants knew could not be paid, have intentionally misrepresented the formality of the business known as First Government and misled the Defendant as to what property would be foreclosed upon and sold in the event of a default.

11. The Counter-Defendants took possession of a greater amount of collateral and property than was necessary to satisfy any obligation from Defendant to Counter-Defendants.

12. The Counter-Defendants knowingly took advantage of the Defendant, who was reasonably unable to protect its interest because of ignorance, illiteracy, or inability to understand the language of the agreement. In fact the individuals operating Defendant are rural Scott County volunteers who lack the formal education which would have allowed them to understand the ramifications of The Agreement. Many of such individuals read on less than a 7th Grade reading level, with a significant percentage not having completed high school.

13. The Counter-Defendants were provided with all of the Defendant's financial information, and knew that the Defendant would be unable to make the payments contemplated in The Agreement.

14. The Counter-Defendants insisted that title to vehicles which were not related to this action were transferred into their own name. This included a certain 2011

4

Ford Brush Truck. This was also in light of the fact that the $90,000.00 loan to the Defendant was secured by a vehicle that was valued at well over $200,000.00.

15. Once the Counter-Defendants had the Defendant in an inferior and unfair position, they repossessed the pumper vehicle which had recently been improved and had a value of more than $260,000.00.

16. The Counter-Defendants then quickly sold the pumper truck to a third party in North Carolina, for $180,000. The Counter-Defendants did not sell the vehicle in a commercially reasonable manner.

17. Despite selling the vehicle for twice the amount loaned to the Defendant, the Counter-Defendants persisted to claim that they had not been made whole.

18. The Counter-Defendants engaged the services of a recovery company as their agent, then paid them more than $10,000.00 to break into the Defendant's fire department building, ripping off the ventilation duct work and absconding with the vehicle outside the State of Arkansas.

19. As a result of the acts of the Counter-Defendants, the Defendant has incurred substantial damages, and continues to suffer such damages at this time.

20. The Counter-Defendant's conduct was the natural and proximate cause of the damages suffered by the Defendant herein.

21. The Counter-Defendants should be ordered to return all personal property referred to in The Agreement and to make payment for any property which cannot be retrieved.

22. The Defendant should be awarded damages as may be determined by a trier of fact, inclusive of punitive damages due, and in addition to all reasonable

attorney's fees and costs incurred in the defense of the Plaintiff's Complaint and in prosecution of all claims against Counter-Defendants.

23. The Counter-Defendants should be ordered to re-pay all sums paid under The Agreement with interest at 6 percent per annum both pre-judgment and post-judgment.

## COUNT 3 – CONVERSION

24. The Defendant hereby incorporates paragraph 1-23 above as if set forth fully herein word for word.

25. The Counter-Defendants took possession of property and converted it to their own use when they did not have the right to do so. They are liable to the Defendant for the full value of all property and money which was converted or which was received in exchange for converted property.

## COUNT 4 - USURY

26. The Defendant hereby incorporates paragraph 1-25 above as if set forth fully herein word for word.

27. The interest rate which has been charged pursuant to The Agreement is a violation of Arkansas usury law and the Defendant is entitled to a repayment of interest, attorney fees and other damages.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Defendant be awarded a judgment against the Counter-Defendants in an amount to be determined by the trier of fact as requested hereinabove; that the Defendant be awarded all attorney's fees and costs incurred in the defense of the Plaintiff's Complaint and in the prosecution of the Defendant's Counterclaim against the Counter-Defendants; that the Counter-

Defendants be ordered to return all personal property referenced in the Plaintiff's Complaint and the Defendant's Counterclaim to the Defendant; that the Defendant take all relief requested hereinabove; and for all other relief this Court deems equitable and just.

Respectfully submitted,
Northwest Scott County Volunteer
Fire Department, Defendant

WALTERS, GASTON,
ALLISON & PARKER
1405 W. CENTER
GREENWOOD, AR 72936
(479) 996-2100

BY: _____
Derick Allison, Bar No. 2007214

## CERTIFICATE OF SERVICE

I, Derick Allison, attorney for the Defendant certifies that a true and correct copy of the above pleading was mailed to the attorney for the Plaintiff, on this 9th day of January, 2015, at the following address:

Matthew Campbell
Attorney at Law
424 W. 4th St.
North Little Rock, AR 72114

_____
Derick Allison

7