IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NORTHWEST SCOTT COUNTY VOLUNTEER
FIRE DEPARTMENT                                                                                    PLAINTIFF

v.                              Case No. 2:15-CV-02054

FIRST GOVERNMENT LEASE COMPANY; and
PAUL GRAVER d/b/a FIRST GOVERNMENT
LEASE COMPANY                                                                                       DEFENDANTS

## ORDER

A federal court may sua sponte consider issues of its subject matter jurisdiction at any time, and must remand on the basis that it lacks subject matter jurisdiction even if it previously denied a motion to remand. *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1066 (8th Cir. 2000). Because a reevaluation of the issue reveals that this Court lacks subject matter jurisdiction over this removed diversity action, the case must be remanded.

**I.      Procedural Background**

On December 4, 2012, First Government Lease Company ("First Government") sued Northwest Scott County Volunteer Fire Department ("the VFD") in the Circuit Court of Scott County, Arkansas. (Doc. 1-1, pp. 1–4). On March 25, 2013, the VFD filed a counterclaim (Doc. 1-1, pp. 22–25) in state court. On June 16, 2014, First Government's claims against the VFD were voluntarily dismissed. (Doc. 1-1, p. 46). Attempts by Paul Graver, acting as First Government, to stymie discovery proceeding in that case led to an eventual motion by the VFD to implead Graver. (Doc. 1-3, pp. 5–7). The motion was granted, and the VFD's amended counterclaim against First Government and Paul Graver was filed January 12, 2015. (Doc. 1-3, pp. 34–40).

Graver removed to this Court on March 23, 2015. (Doc. 1). On April 17, 2015, the

1

Court entered an order (Doc. 19) to supplement in which it found that, although the late removal by the apparent third-party defendant appeared procedurally improper, "any argument as to any procedural impropriety in the removal has been waived." (Doc. 19, p. 2). On April 20, Plaintiff filed a motion (Doc. 20) to remand and brief in support (Doc. 21), arguing that because Paul Graver and First Government Lease Company were the same entity, Paul Graver should have been estopped from removing this action from state court. On July 2, 2015, the Court denied that motion, as well as a motion to reconsider filed by the VFD. In its order (Doc. 30), the Court noted that the VFD had provided no basis for the Court to reconsider this decision with respect to procedure.

Meanwhile, on March 23, 2015, while docketing the removal, the Clerk also docketed a motion (Doc. 8) to dismiss that was initially filed by First Government in the state court action. On March 24, 2015, Graver filed a motion (Doc. 12) to dismiss the VFD's complaint in this Court and brief in support (Doc. 13). The VFD filed its response (Doc. 17) and brief in support (Doc. 18) on April 6, 2015. In reviewing the docket to resolve the motions to dismiss, it became clear to the Court that First Government is not a registered business entity, and by all appearances is in fact Paul Graver acting as a sole proprietorship. (Doc. 22, pp. 1–2 ("First Government Lease Company is an unincorporated business entity . . . The only member of First Government Lease Company is Mr. Paul Graver . . . .")).

II.     Analysis

The party seeking removal jurisdiction or opposing remand has the burden of establishing federal subject matter jurisdiction. *In re Business Men's Assurance Company of America*, 992 F.2d 181, 183 (8th Cir. 1993). Any doubts the Court has with respect to subject matter jurisdiction on removal must be resolved in favor of remand. *Id.* This case was removed under

28 U.S.C. § 1441(a). That statute reads:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a)(emphasis added). The removal statute restricts the jurisdiction of the federal courts on removal and is to be given a strict construction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). In 28 U.S.C. § 1441, Congress has given this Court subject matter jurisdiction over removed cases only when those cases are removed by defendants. Unlike issues of timing, which are procedural, this issue of which party removes is jurisdictional. *Id.* ("[T]he question here [of who can remove] is . . . of the acquisition of a right which can only be conferred by Act of Congress.").

Graver, the party seeking this Court's jurisdiction, has not demonstrated that he is a separate entity than First Government. Graver/First Government was the plaintiff in the action below. A counterclaim against him does not make him a defendant. *See Shamrock Oil & Gas Corp.*, 313 U.S. at 106–07 (describing amendment of removal statute to limit removal to defendants as a return to prior law under which a "plaintiff, having submitted himself to the jurisdiction of the state court, was not entitled to avail himself of a right of removal."); *accord First Bank v. DJL Properties, LLC*, 598 F.3d 915, 918 (7th Cir. 2010) ("The word 'defendant' in § 1453(b) means what the word 'defendant' means elsewhere in Chapter 89[1]—and, as *Shamrock Oil* held, that word does not include a plaintiff who becomes a defendant on a counterclaim."). The Court also doubts that Graver/First Government's voluntary dismissal converts him to a "defendant" in the meaning of the removal statute. To hold otherwise would be to encourage

---

[1] Title 28 U.S.C. § 1441(a) is the first statutory subsection of Chapter 89.

procedural gamesmanship and forum shopping while impermissibly expanding the jurisdiction conferred upon this Court.

IT IS THEREFORE ORDERED that this case is REMANDED to the Circuit Court of Scott County, Arkansas.

IT IS FURTHER ORDERED that the pending motions to dismiss (Docs. 8, 12) are DENIED AS MOOT.

IT IS SO ORDERED this 6th day of November, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE